ON MOTION FOR REHEARING

PER CURIAM.
We grant Appellees’ motion for rehearing to the extent that we withdraw our previous opinion filed March 31, 2011, and substitute the following:
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC), which finds, in part, that he is not entitled to a “onetime” change of physician under section 440.13(2)(f), Florida Statutes, because he had already exercised that option. We reverse that portion of the order.
Claimant’s request — leading to the purported “one-time” change — was by petition for benefits seeking “[a]uthorization of spine surgery evaluation for possible cervical diskectomy as this is medically necessary and as recommended by Claimant’s authorized treating physician, Andrew S. Ellowitz, M.D.” The Employer/Carrier (E/C) responded by scheduling an appointment with Dr. Jarolem, who subsequently treated Claimant several times. Thereafter, Claimant filed a petition for benefits seeking “authorization of Dr. Andrew El-lowitz as a change of orthopedists.” The E/C did not respond, and in subsequent litigation asserted that “Dr. Ellowitz had been authorized previously with Claimant changing orthopedist to Dr. Jarolem subsequent thereto.” Claimant argued he never requested a change while treating with Dr. Ellowitz, he never requested a change to Dr. Jarolem, the E/C did not respond to his request, and, in the alternative, Dr. Ellowitz should remain authorized *121 because he had never been deauthorized. The JCC denied the change of physician, finding Dr. Jarolem constituted the “onetime” change of physician under paragraph (2)(f), Claimant acquiesced in the change by continuing to treat with Dr. Jarolem, and Dr. Ellowitz was deauthorized as a matter of law.
On appeal, Claimant argues his request that resulted in authorization of Dr. Jaro-lem was a request for a specialist consultation (as contemplated in section 440.13(3)(i), Florida Statutes) in accordance with Dr. Ellowitz’s prescription, made under section 440.13(2)(a), Florida Statutes, which provides that an E/C “shall furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require.” Claimant also argues no evidence supports the JCC’s finding that Dr. Ellowitz was deauthorized as a matter of law.
We agree with Claimant’s arguments. Nothing in the record supports the JCC’s conclusion that Dr. Jarolem was sought or provided under paragraph (2)(f). A plain reading of Claimant’s first petition for benefits indicates Dr. Jarolem was sought as medically necessary treatment provided under paragraph (2)(a). Moreover, there is no evidence suggesting Dr. Ellowitz had been deauthorized, either de facto or, because authorization under paragraph (2)(a) does not require deauthorization of a prior physician, as a matter of law.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF, THOMAS, and ROWE, JJ, concur.